# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| JO ANN HUDEC, | ) |
|       Plaintiff, | ) Case No. 2:19-cv-04286 |
| v. | ) |
| ERIK J. RODENBERG, | ) MOTION TO STAY PROCEEDINGS |
|       Defendant. | ) |

## MOTION TO STAY PROCEEDINGS

Defendant Erik J. Rodenberg ("Defendant"), by and through his undersigned counsel, hereby moves this Court for a stay of the instant civil proceeding pending the completion of the criminal investigation by the Columbus Police Department into the underlying events of this case. The grounds for Defendant's Motion are fully set forth in the accompanying Memorandum of Law, which Defendant incorporates herein by reference.

Dated: November 4, 2019

Respectfully submitted,

*/s/ Erin McLaughlin*
Jonathan T. Tyack    (0066329)
Madison Mackay    (0096678)
THE TYACK LAW FIRM CO., L.P.A.
536 S. High Street
Columbus, OH 43215
Phone: (614) 221-1342
jon@tyacklaw.com
madison@tyacklaw.com

Paul S. Mazeski    (*pro hac*)
Erin McLaughlin    (*pro hac*)
William P. Lewis    (*pro hac*)
Buchanan Ingersoll & Rooney PC
Union Trust Building
501 Grant Street
Pittsburgh, PA 15219
Phone: (412) 563-8800

>paul.mazeski@bipc.com
>erin.mclaughlin@bipc.com
>william.lewis@bipc.com
>
>*Attorneys for Defendant*

**MEMORANDUM IN SUPPORT**

**I.     INTRODUCTION**

Plaintiff's civil lawsuit against Defendant is based on the same events and allegations as the pending criminal investigation.  On or about September 29, 2018, Plaintiff contacted the City of Columbus Division of Police and alleged that Defendant had physically and sexually assaulted her while they were together in Defendant's hotel room in Columbus, Ohio.  As a result of the allegations brought by Plaintiff, the Columbus Police Department pursued a criminal investigation into the matter.  Both Plaintiff and Defendant were interviewed as part of the investigation.  The criminal investigation, while it remains ongoing, has not resulted in any charges being brought against Defendant.

Meanwhile, Plaintiff proceeded with filing a civil action in the Court of Common Pleas for Franklin County, which was later removed to the United States District Court for the Southern District of Ohio.  Plaintiff's lawsuit is predicated on the same allegations she presented to the police.  Plaintiff is suing Defendant for civil assault, civil battery, and false imprisonment. She also asserts that Defendant engaged in criminal conduct and seeks civil damages under O.R.C. § 2307.60.

Because the criminal investigation remains ongoing, Defendant is faced with the impossible and conflicting decision to invoke his Fifth Amendment privilege against self-incrimination and forego the opportunity to effectively defend himself in this civil case or waive his privilege.  Defendant also faces the challenge of taking discovery in the civil matter with the limitations imposed by the recent "Marsy's Law" amendment to the Ohio Constitution that affords the alleged victims of crime the right to refuse deposition or other discovery by the accused.  Accordingly, if the civil case is permitted to proceed Defendant will suffer substantial prejudice to both his substantive and procedural rights.  This Court also will be forced to expend

its resources addressing difficult constitutional questions implicated by the parallel criminal matter. Finally, without a stay, the Court (and the parties) will be deprived of the benefit of the evidence collected in the ongoing criminal investigation. Thus, Defendant respectfully requests this Court stay the civil case until the completion of the Columbus Police Department's investigation and notice from the Franklin County Prosecutor's Office announcing whether it will pursue an indictment based on the investigation materials.

## II. ARGUMENT

### A. Standard of Review

Although a court is not required to issue a stay of civil proceedings pending the outcome of a parallel criminal action, a district court, in its broad discretion, may issue such a stay, particularly where the potential for prejudice is shown. *See FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014) (citing *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007)); *see also Wallace v. Kato*, 549 U.S. 384, 398-94 (2007) ("it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case . . . is ended"). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). "[T]he burden is on the party seeking the stay to show that there is a pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council v. United States Dist. Court, S. Dist., etc.*, 565 F.2d 393 (6th Cir. 1977).

### B. A Stay of the Civil Case is Necessary to Protect the Interests of Justice.

Simultaneous criminal and civil cases involving the same or closely related facts often give rise to Fifth Amendment and Due Process concerns. Accordingly, when a party to a civil

action is subject to criminal proceedings and/or investigations that relate to the civil action, courts will often stay the civil proceeding so as to prevent the use of civil discovery and evidentiary procedures to obtain evidence for use in the criminal matter and to further preserve the witness' Fifth Amendment privilege rights. *Temponeras v. United States Life Ins. Co. of Am.*, 2015 U.S. Dist. LEXIS 192910, at *4 (S.D. Ohio Sep. 14, 2015). *See also Turley*, 2002 U.S. Dist. LEXIS 16964, *4 (stating "the noncriminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case." (citing *U.S. v. Certain Real Property and Premises Known as 1344 Ridge Rd., Laurel Hollow, Syosset, N.Y.*, 751 F. Supp. 1060, 1062 (E.D.N.Y. 1989)).

The Sixth Circuit has recognized six factors that "[d]istrict courts generally consider and balance . . . when determining whether a stay of civil proceedings is appropriate in a given case." *E.M.A. Nationwide*, 767 F.3d at 627.  These factors are as follows:

   1) the extent to which the issues in the criminal case overlap with those presented in the civil case;

   2) the status of the case, including whether the defendants have been indicted;

   3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay;

   4) the private interests of and burden on the defendants;

   5) the interests of the courts; and

   6) the public interest.

*Id*.  When considering and applying the above factors to this case, it is clear that a stay of the civil case is warranted.

    1. *The underlying facts in the civil and criminal cases are identical and the issues are closely aligned*.

  The degree to which facts overlap and the similarity of issues underlying the civil and criminal actions is the most important threshold issue in determining whether or not to grant a stay. *Eastwood v. United States*, 2008 U.S. Dist. LEXIS 106777, at *4-5 (E.D. Tenn. Nov. 14, 2008). *See also In re Adelphia Commc'ns Sec. Litig.*, 2003 U.S. Dist. LEXIS 9736, *8-9 (E.D. Pa. May 13, 2003) ("The similarity of the issues underlying the civil and criminal actions is considered the most important threshold issue in determining whether or not to grant a stay.")). The more the civil and criminal cases overlap, the more likely a stay will be granted. *Newell v. Cnty. of Wayne*, 2013 U.S. Dist. LEXIS 123121, at *10 (E.D. Mich. Aug. 29, 2013).

  Here, there is no question that Plaintiff's civil suit against Defendant is inextricably linked to the pending criminal investigation by the Columbus Police Department. Both the civil proceeding and the criminal investigation share a common factual basis. Both arise out of Plaintiff's and Defendant's interactions during the company conference in Columbus, Ohio in September 2018, and both squarely address Plaintiff's complaints of sexual assault. The overlap between Plaintiff's Amended Complaint and the ongoing criminal investigation is further illustrated by Counts VIII through XII of the Amended Complaint, where Plaintiff *alleges* that Defendant engaged in criminal conduct and seeks damages under O.R.C. § 2307.60.

  The extent to which these two matters overlap creates a substantial danger of self-incrimination on the part of Defendant. The significant overlap between this case and the criminal investigation weighs heavily in favor of a stay. *See Chao*, 498 F. Supp.2d at 1039 (finding the identity of both issues and parties supports request for stay).

6

   2. *The criminal investigation is active*.

  Although the strongest case for deferring civil proceedings occurs where a party is under indictment for a serious offense involving the same matter, a pre-indictment stay of a civil case that relates to a pending criminal investigation may be granted "if the government is conducting an active parallel investigation." *Walsh Secs., Inc. v. Cristo Prop. Mgmt.,* 7 F. Supp. 2d 523, 527 (D.N.J. 1998). *See also Swink v. Montgomery Cty. Bd. of Comm'rs*, 2017 U.S. Dist. LEXIS 82968, at *6-8 (S.D. Ohio May 31, 2017) (granting stay while active criminal investigation was pending); *Sherrod v. Williams*, 2015 U.S. Dist. LEXIS 173352, at *5-7 (S.D. Ohio Dec. 31, 2015) (same); *McGee v. Madison Cty*., 2015 U.S. Dist. LEXIS 74801, at *8-9 (W.D. Tenn. June 10, 2015); *Chao,* 498 F. Supp. 2d at 1038-39 (same); *S.E.C. v. HealthSouth Corp.,* 261 F. Supp. 2d 1298, 1326 (N.D. Ala. 2003) (same).

  In *Walsh*, a financial institution filed a civil suit in connection with various fraudulent real estate transactions, all the while the United States Attorney was conducting a parallel investigation into precisely the same conduct. 7 F. Supp. at 525. The defendants moved for a stay of the civil proceedings pending the outcome of the criminal investigation, arguing that they cannot fully participate in civil discovery and protect their Fifth Amendment rights while the criminal matter was pending. *Id*. at 526. Even though the criminal matter was in the pre-indictment stage and even though a stay could push back the resolution of the civil case "by several months or even years," the court entered a stay of a few months with the understanding that Fifth Amendment and other concerns could be re-evaluated when the stay expired. *Id*. at 528. The court stressed that the civil and criminal cases focused on the same allegations of misconduct and further noted that the government was actively pursuing the criminal

7

investigation. *Id*. at 527. The court concluded that a stay was warranted to avoid "serious Fifth Amendment concerns." *Id*. at 527.

In *McGee*, the court granted a stay on the basis that there existed a parallel criminal investigation, though little else was known regarding the status of the investigation. 2015 U.S. Dist. LEXIS 74801, at *8-9. The court noted that it was difficult to ascertain details regarding the investigation because the Department of Justice and U.S. Attorney did not comment on active investigations. *Id*. Even though no one had yet been charged as a result of the investigation, the court concluded that the similarity of the civil and criminal matters and other factors weighing in favor of a stay made it less significant that an indictment had not yet been issued. *Id*.

As in *Walsh* and *McGee*, this case involves a pending criminal investigation based upon the same factual circumstances of the civil case. The Columbus Police Department's investigation into Plaintiff's allegations is active and could result in an indictment should the Franklin County Prosecutor's Office decide to take the matter to a Grand Jury. Defendant will be substantially prejudiced if both matters are permitted to continue on parallel tracks.

With the investigation still active and with little risk of prejudice to Plaintiff (*see infra*), the civil proceeding should be stayed until the criminal investigation is concluded. *See S.E.C. v. HealthSouth Corp.*, 261 F. Supp. 2d 1298 (granting a pre-indictment stay where the indictment was "an eventuality" and "the harm to defendant Scrushy from blindly pushing ahead with this matter [would] greatly outweigh the prejudice to the SEC from a stay of this civil proceeding").

3. *Plaintiff will not be unduly prejudiced by a delay*.

Unlike Defendant, Plaintiff will not be substantially prejudiced by a stay. Though Plaintiff seeks civil damages in her lawsuit and though she has an interest in litigating the matter to its conclusion, she is not otherwise at risk of suffering any further damage or prejudice by a

8

delay in the civil proceeding while the criminal matter is pending. There is little concern over evidence growing stale or memories fading. Here, Plaintiff and Defendant are the primary fact witnesses, and have already been interviewed pursuant to the criminal investigation. *See Coley v. Lucas Cnty., Ohio*, 2011 WL 5838190, at *3 (N.D. Ohio Nov. 18, 2011) (noting that the argument that evidence could be lost is lessened where such evidence is adduced and preserved in the criminal matter).

    4.    *Proceeding with the civil case while the criminal matter is pending risks undermining Defendant's Fifth Amendment Rights and will otherwise prejudice Defendant's interests in both matters*.

Defendant will suffer substantial prejudice if the civil proceeding is permitted to continue while the criminal matter is pending. Civil parties subject to a criminal indictment or investigation must often choose between waiving their Fifth Amendment rights or asserting the privilege and losing the civil case. In the absence of a stay, the decision of a witness to invoke his Fifth Amendment privilege in a civil trial may be used against him, even if that silence is an exercise of his constitutional privilege against self-incrimination. *See Hoxie v. DEA*, 419 F.3d 477, 483 (6th Cir. 2005) ("a negative inference can be drawn from a failure to testify in civil proceedings, and drawing such an inference violates neither the Fifth Amendment nor due process."). If this civil proceeding moves forward, Defendant risks inadvertently waiving his Fifth Amendment Rights, and if Defendant opts to invoke his Fifth Amendment privilege this will undermine his ability to mount a defense in the civil proceeding.

In addition, even if Defendant asserts his Fifth Amendment privilege, the discovery taken in the civil proceeding could undermine his defense in any resulting criminal case. *See Turley*, 2002 U.S. Dist. LEXIS 16964, at *4 (noting that proceeding with a civil case while a parallel criminal matter is pending may "extend criminal discovery beyond the limits set forth in the

Federal Rule of Criminal Procedure 16(b), expose the defense's theory to the prosecution in advance of trial, or otherwise prejudice the criminal case."); *Walsh*, 7 F. Supp. 2d at 527 (acknowledging that parallel civil and criminal proceedings could force parties to reveal criminal defense strategies in the civil proceeding and could further undermine the government's own investigation).

Finally, not only will proceeding with the civil case while the criminal matter is pending burden Defendant's Fifth Amendment rights, it will also frustrate Defendant's ability to take effective discovery in this lawsuit. In 2017, the Ohio voters passed Marsy's Law, which amended the Ohio Constitution, and, among other things, afforded victims of crime the right to refuse depositions or other discovery by the accused. *See* Oh. Const. Art. I, § 10a. In light of this amendment to the Ohio Constitution, Plaintiff could very well refuse to be deposed by Defendant or ignore Defendant's discovery requests. The end result would be one-sided discovery while the criminal matter is pending. At the very least, proceeding with discovery in the civil case while the criminal matter is pending will likely give rise to difficult questions regarding the parties' constitutional rights under the Fifth Amendment and Article 1, Section 10a of the Ohio Constitution. This scenario is avoided if the Court grants the stay.

    5.  *<u>The interest of the Court weighs in favor of a stay</u>.*

A stay is not contrary to the court's interest in moving the cases on its docket to an expeditious conclusion and in preserving judicial resources. Rather, the issuance of a stay can further these goals. As one District Court observed, "'The resolution of the related criminal matter may eliminate much of the court's work in the civil action by simplifying the issues or eliminating the conflict concerning . . . [the] assertion of [a party's] Fifth Amendment privilege, which should allow' [the] civil case to proceed more expeditiously." *Eastwood*, 2008 U.S. Dist.

LEXIS 106777, at *15 (citing *Turley*, 2002 U.S. Dist. LEXIS 16964, at *10). It would be an inefficient use of the Court's resources to deny a stay and then have to handle disputes regarding Defendant's assertion of his Fifth Amendment privilege against self-incrimination and disputes regarding Plaintiff's rights under the Ohio Constitution as an alleged victim of a crime. A stay would obviate the need for this Court's involvement and consumption of time and resources to determine the precise parameters of the parties' constitutional rights implicated by the parallel criminal proceeding.

Issuing a stay until the criminal matter is concluded will further simply the civil proceedings insofar that the parties and the Court will have the benefit of the evidence collected in the criminal matter. The Ohio Public Records Law, Ohio Rev. Code § 149.43, makes these materials unavailable until after the criminal proceedings are concluded.

      6.      *The public interest is adequately protected by the pending criminal proceeding.*

No public interest stands in the way of issuing a stay of the civil proceeding. It is in the public interest for Court resources to be utilized wisely and efficiently. *Boerste v. Ellis, LLC*, 2017 U.S. Dist. LEXIS 204696, at *13 (W.D. Ky. Dec. 12, 2017). A stay also "benefit[s] the public by allowing the [g]overnment to conduct a complete, unimpeded investigation into potential criminal activity." *Stockwell v. Hamilton*, 2016 U.S. Dist. LEXIS 81688, at *12 (E.D. Mich. June 23, 2016) (quoting *Healthsouth Corp.*, 261 F. Supp. 2d at 1325). Finally, the criminal case will protect and advance the same public interests implicated in Plaintiff's civil action. *See Chao*, 498 F. Supp. 2d at 1040 (noting that a criminal prosecution serves to enforce the public interests at stake in the civil case).

### III.   CONCLUSION

A stay of the civil case while the criminal matter is pending is necessary to ensure

Defendant can freely exercise his Fifth Amendment rights.  A stay also is in the interests of judicial economy, as this Court will avoid facing difficult discovery issues related to Defendant's assertions of his Fifth Amendment rights and to Plaintiff's anticipated discovery objections based on the recent amendment to Article 1, Section 10a of the Ohio Constitution (Marsy's Law).  A stay also will afford this Court access to the criminal investigation materials that pertain to the same allegations that Plaintiff raises in her Amended Complaint.  For these reasons and those outlined in the foregoing memorandum, this Honorable Court should grant Defendant's Motion to Stay the instant proceedings.

Dated:  November 4, 2019

Respectfully submitted,

 /s/ Erin McLaughlin
Jonathan T. Tyack      (0066329)
Madison Mackay        (0096678)
THE TYACK LAW FIRM CO., L.P.A.
536 S. High Street
Columbus, OH 43215
Phone: (614) 221-1342
jon@tyacklaw.com
madison@tyacklaw.com

Paul S. Mazeski          (*pro hac*)
Erin McLaughlin         (*pro hac*)
William P. Lewis        (*pro hac*)
Buchanan Ingersoll & Rooney PC
Union Trust Building
501 Grant Street
Pittsburgh, PA 15219
Phone: (412) 563-8800
paul.mazeski@bipc.com
erin.mclaughlin@bipc.com
william.lewis@bipc.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, November 4, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                  */s/ Erin McLaughlin*
                                                  *Attorney for Defendant*

4852-9779-8059, v. 3